Emily A. Danchuk, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (207) 747-4135

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KLAUBER BROTHERS, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>JENNY YOO COLLECTION, INC.; NORDSTROM, INC.; and DOES 1 through 10,<br><br>Defendants. | Civil Action No.:<br><br>  PLAINTIFF'S COMPLAINT FOR:<br><br>  1. COPYRIGHT INFRINGEMENT;<br><br>  2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>  Jury Trial Demanded |

Plaintiff KLAUBER BROTHERS, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff KLAUBER BROTHERS, INC., ("Klauber") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant JENNY YOO COLLECTION, INC. ("Yoo") is a New York Corporation doing business in and with the state of New York.

6. Plaintiff is informed and believes and thereon alleges that Defendant NORDSTROM, INC. ("Nordstrom") is a corporation organized and existing under the laws of the state of Washington, and is doing business in and with the state of New York.

7. Plaintiff is informed and believes and thereon alleges that some Defendants, DOES 1 through 4, inclusive, are manufacturers and/or vendors of garments to Defendants, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments incorporating lace featuring Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with

full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. 678

10. Klauber owns an original lace design it refers to as 678 (the "Subject Design"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

11. Klauber applied for and received a United States Copyright Registration covering the Subject Design prior to the commencement of this Action.

12. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing the Subject Design to numerous parties in the fashion and apparel industries.

13. Following this distribution, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling lace and garments bearing illegal reproductions and/or derivations of the Subject Design.

14. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Nordstrom, Yoo and certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed lace and/or garments incorporating lace that features designs that are identical to or substantially similar to the Subject Design ("Infringing Garment"). Such Infringing Garments were sold in commerce by Nordstrom under, *inter alia*, Item Nos. 1043354, 5092424, 1045098, 223345, and 223350; and by Jenny Yoo under, *inter alia*, Style Nos. L1603, 1651, 1652, and 1669.

15. Below are true and correct images of the Subject Design (left column) and a close-up view of a certain exemplar of Infringing Garment (right column):



16. The above exemplar is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bear a lace design similar to the Subject Design.

17. The above comparisons makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs marketed and sold by Defendants, and each of them, are at least substantially similar to the Subject Design.

18. A true and correct image of the Subject Design is set forth in the attached **Exhibit One**.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

19. Klauber repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

20. Klauber is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to

Klauber's showroom and/or design library; (b) access to illegally distributed copies of the designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas lace companies; (c) access to Klauber's samples, and (d) garments manufactured and sold to the public bearing lace lawfully incorporating Klauber's designs.

21. Klauber is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Klauber is further informed and believes and thereon alleges that said Plaintiff(s) has an ongoing business relationship with Plaintiff retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Design.

22. Klauber is informed and believes and thereon alleges that Defendants, and each of them, infringed Klauber's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling lace and garments which infringe Klauber's rights in the Subject Design through a network of retail stores, catalogs, and on-line outlets.

23. Due to Defendants' acts of infringement, Klauber has suffered substantial damages to its business in an amount to be established at trial.

24. Due to Defendants' acts of infringement, Klauber has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Klauber is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

26. Klauber is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for

statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

27.     Klauber repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

28.     Klauber is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged hereinabove.

29.     Klauber is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

30.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Klauber has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

31.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Klauber is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

32.     Klauber is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred

fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Klauber prays for judgment as follows:

### Against All Defendants

33. With Respect to Each Claim for Relief

    a. That Defendants, their agents and employees be enjoined from infringing Klauber's copyrights in any manner, specifically those for the Subject Design;

    b. That Klauber be awarded all profits of Defendants plus all losses of Klauber, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, et seq.;

    c. That Klauber be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, et seq.;

    d. That Klauber be awarded pre-judgment interest as allowed by law;

    e. That Klauber be awarded the costs of this action; and

    f. That Klauber be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: November 30, 2016    By: _____
Emily A. Danchuk, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff Klauber Brothers, Inc.

COMPLAINT