UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KLAUBER BROTHERS, INC.,

                Plaintiff,

    -against-

JENNY YOO COLLECTION, INC.,
NORDSTROM, INC., and DOES 1 through 10,

                Defendants.

16 Civ. 09260 (LLS)

---

# MEMORANDUM OF LAW OF DEFENDANTS
## JENNY YOO COLLECTION, INC. AND NORDSTROM, INC.
### IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

**BARTON LLP**
Maurice N. Ross
Graybar Building
420 Lexington Avenue, 18th Floor
New York, New York 10170
(212) 687-6262
mross@bartonesq.com

January 31, 2017

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.       APPLICABLE LEGAL STANDARDS ................................................... 2

    II.     PLAINTIFF'S BOILERPLATE COMPLAINT FAILS TO STATE CLAIMS
           FOR DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT ........ 4

          1.     Klauber Has not Met The Copyright Act's Prerequisite
                  for Bringing a Claim of  Copyright Infringement ....................................... 4

          2.     The Complaint Fails to State A Valid Claim For Copyright Infringement . 8

          3.     Klauber Fails To Adequately Plead Copying ............................................... 9

          4.     Klauber Has Not And Cannot Plausibly Allege Substantial Similarity ..... 12

    III.    THE COMPLAINT IS DEFICIENT BECAUSE THE ATTORNEY WHO
           SIGNED THE COMPLAINT DOES NOT MAINTAIN AN OFFICE IN THE
           STATE OF NEW YORK AND SUCH ATTORNEY DOES NOT PROVIDE
           INFORMATION REQUIRED BY RULE 11, FED. R. CIV. P. .......................... 19

CONCLUSION .......................................................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                           **PAGE(S)**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................2, 3

*Beaudin v. Ben and Jerry's Homemade, Inc.*
    95 F.3d 1 (2d Cir. 1996) ..............................................................14

*Bell v. Blaze Magazine,*
    2001 WL 263718 (S.D.N.Y. Mar. 16, 2001 )............................................12, 13

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................2, 3

*Boisson v. Banian, Ltd.,*
    273 F.3d 262 (2d Cir. 2007)........................................................9

*Boyle v. Stephens, Inc.,*
    1998 WL 80175 (S.D.N.Y. Feb 25, 1998)..................................................13

*Chevrestt v. Am. Media, Inc.,*
    --F. Supp. 3d--, 2016 WL 4557318 (S.D.N.Y. Aug. 31, 2016) ..........................4

*Calloway v. Marvel Entm't Goup,*
    1983 WL 1141 (S.D.N.Y. June 30, 1983) ..........................................5

*Flynn v. Health Advocate, Inc.,*
    2004 WL 51929 (E.D. Pa. Jan. 13, 2004) ..........................................5

*Folio Impressions, Inc. v. Byer California,*
    937 F.2d 759 (2d Cir. 1991)......................................8, 12, 13, 14, 16

*Gal v. Viacom Int'l, Inc.,*
    518 F. Supp. 2d 526 (S.D.N.Y. 2007)....................................................8, 9, 12

*Gottlieb Dev. LLC v. Paramount Pictures Corp.,*
    590 F. Supp. 2d 625 (S.D.N.Y. 2008) ..............................................2, 3, 12

*Hamil Am., Inc. v. GFI,*
    193 F.3d 92 (2d Cir. 1999) ..............................................................15, 19

*Home & Nature Inc. v. Sherman Specialty Co., Inc.,*
    322 F. Supp. 2d 260 (E.D.N.Y. 2004) ..........................................5

*In re Literary Works in Elec. Databases Copyright Litig.*,
    509 F.3d 116 (2d Cir. 2007) ........................................................4

*Klauber Bros., Inc. v. Russell-Newman, Inc.*,
    2013 WL 1245456 (S.D.N.Y. Mar. 26, 2013) .......................................4, 8, 12, 15, 18, 19

*Klauber Bros., Inc. v. Tadashi Shoji & Assocs.*,
    Case No. 16-CV-02141 ........................................................1

*Knitwaves, Inc. v. Lollytogs Ltd.*,
    71 F.3d 996 (2d Cir. 1994)........................................................15

*L.A. Printex Indus. v. Le Chateau, Inc.*,
    2012 WL 987590 (S.D.N.Y. Mar. 23, 2012) ........................................................4

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*.
    2012 WL 1021535 (S.D.N.Y. Mar. 26, 2012) ........................................................4, 5

*Naked Cowboy v. CBS*,
    844 F. Supp. 2d 510 (S.D.N.Y. 2012)........................................................2, 3

*Newborn v. Yahoo!, Inc.*,
    391 F. Supp. 2d 181 (D. D.C. 2005) ........................................................8

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010) ........................................................12, 13

*Reed Elsevier, Inc. v. Muchnick*,
    559 U.S. 154 (2010) ........................................................4

*Russomanno v. Murphy*,
    2011 WL 609878 (S.D.N.Y. Feb. 16, 2011) ........................................................3

*Schoenfeld v. Schneiderman*,
    821 F.3d 273 (2d Cir. 2016)........................................................18, 19

*Tisi v. Patrick*,
    97 F. Supp. 2d 539 (S.D.N.Y. 2000)........................................................9

*Tufenkian Import /Export Ventures, Inc. v. Einstein Moomjy, Inc.*,
    338 F.3d 127 (2d Cir. 2003)........................................................8

*Walker v. Time Life Films, Inc.*,
    784 F.2d 44 (2d Cir. 1986)........................................................13

**OTHER AUTHORITIES**

17 U.S.C § 411 (a) ...................................................................................................................4

Fed. R. Civ. P. 8(a) ..................................................................................................................2

Fed. R. Civ. P. 11(a) ..............................................................................................................20

Fed. R. Civ. P. 12(b)(6)......................................................................................................3, 12

N.Y. Judiciary Law § 470 .......................................................................................................19

Defendants Jenny Yoo Collection, Inc. ("JY") and Nordstrom, Inc. ("Nordstrom") (collectively, "Defendants"), through their undersigned counsel, respectfully submit this memorandum of law, together with the Affidavit of Jenny Yoo, dated January 31, 2017 (" Yoo Aff."), and the exhibits thereto, in support of their Motion to Dismiss the Complaint ("Complaint" or "Compl.") of Plaintiff Klauber Brothers, Inc. ("Plaintiff" or "Klauber") pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

This is a "copyright troll" case. The only meaningful difference between this case and other "copyright troll" cases which have cluttered the dockets of Federal Courts in this District and nationwide is that the allegedly copyrighted works in this case involve lace fabric designs rather than pornographic movies. Plaintiff's counsel has instituted dozens (if not hundreds) of such cases in recent years, primarily in the Central District of California where such counsel maintains its offices. Plaintiff originally pursued the claims in this case by filing a complaint on March 29, 2016 in the Central District of California, *Klauber v. Tadashi Shoji & Associates et al.* Case No.: CV16-02141, assigned to Judge R. Gary Klausner. Defendants JY and Nordstrom moved to dismiss these claims (and sever them from certain unrelated claims) on several grounds, including improper venue, misjoinder of claims and parties, and lack of personal jurisdiction. Before adjudication of the motion, Plaintiff stipulated to withdraw its challenged claims without prejudice and transfer them to this District, but Judge Klausner rejected the proposed stipulation, and instead approved Klauber's dismissal of the claims without prejudice in an Order dated July 11, 2016. On November 30, 2016, Klauber filed the Complaint in this action which essentially seeks to revive the same claims that Klauber voluntarily dismissed on July 11, 2016.

As we show below, Plaintiff has filed a boilerplate "copyright troll" Complaint that fails to state a plausible claim for copyright infringement.  Plaintiff's Complaint (a) fails to adequately identify the designs that are allegedly infringed by Defendants, and fails to specify the copyright registration number (or numbers) of the design (or designs) that are allegedly infringed; (b) fails to plead a plausible factual basis for concluding that any of the named Defendants had access to or copied Plaintiff's designs; and (c) fails to plausibly allege that the allegedly infringing designs are substantially similar to Plaintiff's allegedly copyrighted designs; in fact, this Court should determine on this motion that the allegedly infringing designs are not substantially similar to Plaintiff's designs, and dismiss this case with prejudice.

## ARGUMENT

I.     **APPLICABLE LEGAL STANDARDS**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The Supreme Court has interpreted Rule 8(a)'s pleading standard to require that a complaint contain "enough facts to state a claim to relief that is *plausible on its face." See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (emphasis added); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009) (confirming that *Twombly* applies "in all civil actions"); *Gottlieb Dev. LLC v. Paramount Pictures Corp.* 590 F. Supp. 2d 625, 630-631 (S.D.N.Y. 2008) (applying the *Twombly* pleading standard to a copyright infringement case); *see also Naked Cowboy v. CBS,* 844 F. Supp. 2d 510, 514 (S.D.N.Y. 2012) (same).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must articulate sufficient factual allegations 'to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)'" *Naked Cowboy,* 844 F. Supp. 2d at 514 (quoting *Twombly,* 550 U.S. at 555). Indeed, the *Twombly* pleading standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. "Bald conclusions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not defeat the motion." *Gottlieb,* 590 F. Supp. 2d a t 631 (internal quotations omitted). Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. Pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.*

In considering a Rule l2(b)(6) motion, the court should "consider assertions made within the four corners of the complaint itself," *see Russomanno v. Murphy,* 2011 WL 609878, at *3 (S.D.N.Y. Feb. 16, 2011) (internal quotes omitted), and "any written instrument attached to the complaint as an exhibit or any statement or documents incorporated in the complaint by reference." *Id.* "[E]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Id.* "Finally, a court may consider matters of which judicial notice may be taken." *Id.*

## II.   PLAINTIFF'S BOILERPLATE COMPLAINT FAILS TO STATE CLAIMS FOR DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

   1.   Klauber Has Not Met The Copyright Act's Prerequisite
        for Bringing a Claim of Copyright Infringement.

Section 411(a) of the Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made . . . ." 17 U.S.C § 411(a); *see, e.g.*, *Klauber Bros., Inc. v. Russell-Newman, Inc.*, 2013 WL 1245456, at *4 (S.D.N.Y. Mar. 26, 2013). Countless courts have dismissed copyright infringement actions under 17 U.S.C. § 411(a) for lack of proof of a registration. *See, e.g., In re Literary Works in Elec. Databases Copyright Litig.,* 509 F.3d 116, 112 (2d Cir. 2007); *cf.*, *Chevrestt v. Am. Media, Inc.*, --F.Supp.3d--, 2016 WL 4557318, at *2 (S.D.N.Y. Aug. 31, 2016) (rejecting motion to dismiss because application for copyright registration was filed, plaintiff alleged compliance with all application requirements, and plaintiff could proceed with suit under §411(a) even if application is rejected by the Copyright Office). In 2010, the Supreme Court in *Reed Elsevier, Inc. v. Muchnick,* recognizing that there was confusion around § 411(a) and its legislative history, decided that registration was a claim processing rule as opposed to a jurisdictional limitation. 559 U.S. 154, 161-69 (2010). However, the bottom line of those prior decisions remains the same – a copyright infringement suit cannot be brought without a registration. *See L.A. Printex Indus. v. Le Chateau, Inc.*, 2012 WL 987590, at *3 n.4 (S.D.N.Y. Mar. 23, 2012) ("The Supreme Court has held that, while § 411(a)'s registration requirement 'does not restrict a federal court's subject-matter jurisdiction,' it is still 'a precondition to filing a claim'" (quoting *Reed Elsevier*, 559 U.S. at 157); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 2012 WL 1021535, at *5 (S.D.N.Y.

Mar. 26, 2012) ("It remains the law in this Circuit that 411(a) imposes a bar to copyright infringement claims where a plaintiff has not either received or been denied a copyright registration at the time such a claim is interposed.").

Plaintiff's Complaint alleges that it "applied for and received a United States Copyright Registration covering the Subject Design prior to commencement of this Action." Complaint at ¶ 11. However, the Complaint fails to provide a copyright registration number, nor does it provide the date of registration. Courts routinely dismiss complaints for copyright infringement that fail to cite the copyright registration number or fail to otherwise clearly identify and describe the allegedly registered work, which is a fatal defect in the pleadings in any federal copyright case. *Calloway v. Marvel Entm't Group*, 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) (failure to specify applicable registration number was crucial because two copyright registrations may have been filed for the same work); *Home & Nature Inc. v. Sherman Specialty Co., Inc.*, 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (complaint must allege "which specific original works form the subject of the copyright claim."); *Flynn v. Health Advocate, Inc.*, 2004 WL 51929, at *12 (E.D. Pa. Jan. 13, 2004) ("merely alleging that Plaintiffs own certain copyrights and that Defendants have infringed upon such copyrights in their written materials is insufficient to meet the Rule 8 requirement of pleading in the Complaint the 'specific' original work that is the subject of the copyright claim.") (citations omitted).

As one District Court has noted, a complaint properly identities a work that is protected by a copyright by "listing the copyright registration numbers issued by the United States that correspond to each of its copyrighted [materials], annexing copies of the United States Certificates of Copyright Registrations, and stating that defendant has infringed upon one or more of these copyrights." *Home & Nature,* 322 F. Supp. 2d at 266. In this case plaintiff has not

only failed to list the applicable copyright registration number (or numbers), but more importantly, as shown below, has submitted a Complaint that is confusing and contradictory, making deciphering the basis for plaintiff's Copyright Act claims a hopeless endeavor.

These are not mere technicalities in this case.  In fact, the Complaint seems to allege infringement of at least two separate designs, and provides copyright registration numbers for neither of them.  The Complaint refers to "Design No. 678" as the "Subject Design," and alleges that a "true and correct image of the Subject Design is set forth in the attached Exhibit One." Compl. at ¶¶ 10, 18.  Exhibit One to the Complaint (also attached hereto for the Court's convenience as Exhibit 1) shows a red color lace design with dense shaded mesh areas within the scallop edge design and floral petals.

However, Plaintiff's allegation of infringement does not appear to compare the design set forth in Exhibit One of the Complaint with the allegedly infringing designs.  Rather, the design used by Plaintiff in paragraph 15 of the Complaint to purportedly demonstrate infringement appears to be substantially different than the "Design No. 678" in Exhibit One.  Specifically, the design used by Plaintiff in paragraph 15 of the Complaint is a white color lace design with no shading in the scallops and floral petals.  For the Court's convenience, a copy of the design shown in paragraph 15 of the Complaint is attached as Exhibit 2 hereto.  The Klauber design shown in Exhibit One of the Complaint and the Klauber design shown in paragraph 15 of the Complaint have clear, obvious visual differences in a least color and shading.  Further, the flower and leaf patterns seem to differ between the design shown as Exhibit One of the Complaint and the design shown as paragraph 15 of the Complaint.  But even if the flower and leaf patterns are the same or substantially similar, the differences in color and shading between the two designs are substantial if not overwhelming.  If Klauber registered these designs with the United States

6

Copyright Office, it is highly unlikely that Klauber would have registered them as a single design under a single registration number, nor would it have been proper for Klauber to do so. Rather, one would expect that each of these designs would have been separately registered (although perhaps one would be registered as a derivative work of the other).

In this regard, the Complaint fails to clearly allege whether color and shading are elements of Klauber's allegedly copyrighted design (or designs). This is highly significant because many of the allegedly infringing designs contained in the garments identified by Plaintiff in paragraph 14 of the Complaint are not made or sold by JY and Nordstrom in the color light pink (as shown in the accused design that appears in paragraph 15 of the Complaint), and none of the accused designs have the dense mesh shade shown in Exhibit One of the Complaint. If Exhibit One of the Complaint represents the infringing design, then it seems apparent that none of the accused dress products infringe because none of them have the same color scheme and shading.

These inconsistencies and pleading deficiencies result in substantial confusion. Because Plaintiff does not identify the copyright registration number (or numbers), we are left to guess as to whether color and shading are elements of Klauber's copyright claim, whether Klauber contends that the same copyright registration covers both of the seemingly inconsistent designs that appear in Exhibit One of the Complaint and paragraph 15 of the Complaint, whether Klauber has separately registered the two designs, or whether Klauber contends that one of these designs is a derivative of the other. Defendants are left to guess about which of Klauber's designs and copyright registrations may be at issue in the case. As stated above, this is no mere technicality. Defendants are entitled to fair notice of the claims asserted against them. Klauber's failure to clearly identify the copyright registration (or registrations) at issue, and to specify whether color

7

and shadings are elements of the subject designs, fails to provide fair and reasonable notice of the claims at issue. *See Newborn v Yahoo!, Inc.* 391 F. Supp. 2d 181, 187-88 (D.D.C. 2005) (stating that copyright complaint must be sufficient to provide the defendants notice of the claims against them, and stating that "[r]ather than providing a short plain statement of the basis of the claim, the complaint is riddled with vague, confusing and contradictory statements making deciphering the basis for plaintiff's Copyright Act claim a hopeless endeavor….")

In sum, the above pleading deficiencies represent an inexcusable failure by Klauber to adequately and plausibly plead a fundamental and basic statutory prerequisite to pursuing any claim for copyright infringement – the ownership of one or more registered copyrights in the design or designs at issue.  For this reason alone, the Complaint must be dismissed with prejudice.

>    2.    The Complaint Fails to State A Valid Claim For Copyright Infringement.

"[T]o establish a copyright infringement cause of action, a plaintiff must show copyright ownership and unauthorized copying by defendants." *Folio Impressions, Inc. v. Byer California,* 937 F.2d 759, 763 (2d Cir. 1991); *Russell Newman*, 2013 WL 1245456, at *5. "To demonstrate unauthorized copying, the plaintiff must first show that his work was actually copied; second he must establish substantial similarity or that the copying amounts to an improper or unlawful appropriation, i.e., (i) that it was protected expression in the earlier work that was copied and (ii) that the amount that was copied is more than de minimis." *Gal v. Viacom Int'l, Inc.,* 518 F. Supp. 2d 526, 536 (S.D.N.Y. 2007) (quoting *Tufenkian Import /Export Ventures, Inc. v. Einstein Moomjy, Inc.,* 338 F.3d 127, 131 (2d Cir. 2003).

For the first element of unauthorized copying, "[s]ince direct evidence of copying

is seldom available, copying may be inferred where a plaintiff establishes that the defendant had access to the copyrighted work and that substantial similarities exist as to protectable material in the two works." *Tisi v. Patrick* , 97 F. Supp. 2d 539, 546 (S.D.N.Y. 2000) (internal quotations and citations omitted).  "In the alternative, if the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access."  *Id.*

"Once copying has been shown, a plaintiff must still demonstrate 'substantial similarity' between the defendant's work and the protectable elements of plaintiffs work, because 'not all copying results in copyright infringement.'" *Gal*, 518 F. Supp. 2d at 537 n.4 (quoting *Boisson v. Banian, Ltd.*, 273 F.3d 262, 267 (2d Cir. 2007).

3.   <u>Klauber Fails To Adequately Plead Copying</u>.

As discussed above, a critical requirement in establishing actionable copying is to demonstrate that the defendant had access to the copyrighted work and that there is a probative similarity between the allegedly unauthorized work and the copyrighted work or that the two works are strikingly similar.  Klauber fails to plead a threshold requirement to maintain a copyright infringement action.

The Complaint alleges in boilerplate form that "[Klauber] is informed and believes" that each of defendants (a) "created, sold, manufactured, caused to be manufactured, imported and/or distributed lace and/or garments incorporating lace that features designs that are identical to or substantially similar to the Subject Design," and identifies the allegedly infringing garments by design number (Compl. at ¶ 14), and (b) each of the Defendants "had access to the Subject design, including, without limitation through (a) access to Klauber's showroom and/or design library; (b) access to illegally distributed copies of the designs by third-party vendors and/or Doe

9

Defendants, including without limitation international and/or overseas lace companies; (c) access to Klauber's samples, and (d) garments manufactured and sold to the public bearing lace lawfully incorporating Klauber's designs."  Compl. at ¶ 20.

These generic, conclusory allegations, submitted on "information and belief," are insufficient to plausibly plead actionable copying.  Klauber asserts the same, generic allegations against all of the defendants, without specifying the acts, roles, and circumstances of each individual defendant that purportedly constitute copying.  Aside from boilerplate language that could appear in almost any copyright complaint brought by Klauber regardless of the identity of the specific defendants, Klauber makes no specific allegations as to when and how each individual Defendant had access to and copied Klauber's Subject Design.

Instead, Klauber simply provides a laundry list of theoretically possible situations in which Defendants may have had access.  These are mere guesses, admittedly made on information and belief, rather than specific, plausible allegations of copying.  For example, Klauber fails to specify which Defendant had access to its "show room or and/or design library," the dates or time periods in which such Defendant had such access, the manner in which such Defendant obtained such access, the duration of such access, or any other specific facts that would be sufficient to plausibly claim access to Klauber's showroom.  Klauber's broad, generic, allegations, made on information and belief, which lump together each of the Defendants, are plainly insufficient to plausibly claim copying.  They do not provide fair and reasonable notice to the individual Defendants of a plausible basis for the claims against them.

Of particular concern in this case is the failure by Klauber to explain the role of each individual Defendant in connection with the alleged copyright infringement.  Was the alleged copying conducted by defendant JY, defendant Nordstrom, or some other defendant?  This is

10

critical because a claim of direct copyright infringement against any individual defendant cannot be sustained without proof that such defendant engaged in copying, and a claim of contributory or vicarious infringement cannot be made without evidence that one or more parties engaged in direct infringement.   Klauber brings claims against all Defendants for both direct and contributory infringement, and it apparently believes it can sort out the role of individual accused defendants later in the litigation process.   But this denies individual Defendants fair notice of the claims against them.

While Klauber claims that its copyrighted design is substantially similar to the allegedly infringing design, this allegation alone is insufficient to satisfy Klauber's obligation to prove that each individual Defendant engaged in copying and was responsible for direct infringement, as opposed to contributory infringement.   In a case involving multiple named and "John Doe" defendants, a plausible allegation of copying requires at the very least that the Complaint specify the facts and circumstances that reasonably give rise to an allegation (or inference) of access and copying for each Defendant, or alternatively, the circumstances for each Defendant that give rise to a claim of contributory infringement.

This is not a mere technical pleading deficiency.   It has enormous consequences in a case like this.   What if, for example, the party responsible for allegedly copying the design was a manufacturer located in Asia, rather than either JY (based in New York) or Nordstrom (based in Washington)?   If so, Klauber could not assert direct copyright infringement against either of the named Defendants, and Klauber's claims against JY and Nordstrom would be limited to vicarious or contributory infringement, assuming that it could plausibly plead facts supporting vicarious infringement claims against JY and Nordstrom.

Klauber should not be permitted to litigate this case as an implausible dragnet, based

solely on generic, boilerplate pleadings, on information and belief, that lump together allegations concerning all named and John Doe defendants on the issues of copying, direct infringement, and contributory infringement.  Rather, Klauber must plead specific facts concerning the role and circumstances of each individual Defendant that could plausibly state a claim that such Defendant engaged in copying, direct infringement, or contributory infringement.  Because the Complaint fails to allege specific facts concerning each individual Defendant to support a plausible claim of copying, Klauber's claim for direct infringement must be dismissed.  Further, Klauber's claim for vicarious and contributory infringement must be dismissed because Klauber has not pleaded a plausible claim of direct infringement, and because Klauber has not pleaded specific, plausible facts that would plausibly allege a claim of contributory infringement against each Defendant.

> 4.    <u>Klauber Has Not And Cannot Plausibly Allege Substantial Similarity</u>.

Even if the Plaintiff can demonstrate copying, Plaintiff "must establish substantial similarity or that the copying amounts to an improper or unlawful appropriation, *i.e.*, (i) that it was protected expression in the earlier work that was copied and (ii) that the amount that was copied is more than *de minimis*.*"* *Gal*, 518 F. Supp. 2d at 537 (emphasis supplied).

The Second Circuit has held that the question of substantial similarity can be resolved on a motion to dismiss pursuant to Rule 12(b)(6).  *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010); *see also, Russell Newman,* 2013 WL 1245456, at *9 (granting motion to dismiss claims that defendant infringed Klauber's lace designs); *Gottlieb,* 590 F. Supp. 2d. at 632 (dismissing copyright infringement action because plaintiff failed to establish substantial similarity); *Bell v. Blaze Magazine,* 2001 WL 262718, at *4 (S.D.N.Y. Mar. 16, 2001) (dismissing plaintiff's claim where no reasonable jury could

find substantial similarity or that similarity pertains only to unprotected aspects of work); *Boyle v. Stephens, Inc.,* 1998 WL 80175, at *6 (S.D.N.Y. Feb 25, 1998) (same). Specifically:

> [w]here . . . the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation. If, in making that evaluation, the district court determines that the two works are not substantially similar as a matter of law . . . the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief.

*Gaito,* 602 F.3d at 64 (internal quotes omitted).

It is axiomatic that, "the scope of copyright protection . . . extend[s] only to the work's particular expression of an idea, not to the idea itself." *Folio Impressions,* 937 F.2d at 765 *(citing Walker v. Time Life Films, Inc.,* 784 F.2d 44 (2d Cir. 1986)).   In *Folio Impressions,* the Second Circuit was called upon to determine whether two fabric designs were substantially similar.  The original fabric (Pattern #1365) contained a copyrighted rose design (the "Folio Rose") arranged in "straight lines and turned so that the roses faced in various directions." *Folio Impressions,* 937 F.2d at 764.  Finding that "an average lay observer would not recognize the alleged copy as having been appropriated from the copyrighted work," the court observed that:

> [a]lthough the roses in both designs are placed against the background in a similar straight line pattern, the roses themselves are not substantially similar … each of the roses in Pattern # 1365 is identical, while the roses in the [allegedly infringing] pattern differ from each other in their details and nuances. The [infringing roses] appear to be in soft focus and the Folio Rose has a sharper, clearer image. Moreover ... by the rose's very nature one artist's rendering of it will closely resemble another artist's work.

*Id.* at 766. Indeed, the Second Circuit has cautioned that "it is doubtful whether taking a pattern that appears in nature and rendering it in a variety of minute variations that inevitably result from hand-painting satisfies even the minimal originality requirement of copyright." *Beaudin v. Ben and Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996).

Plaintiff's Complaint provides what Plaintiff alleges to be "true and correct images of the Subject Design (left column) and a close-up view of a certain exemplar of "Infringing Garment (right column)…" (Compl. at ¶ 15), and then Plaintiff makes the boilerplate allegation that "[t]he above comparisons make apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs marketed and sold by Defendants, and each of them, are at least substantially similar to the Subject Design" (Compl. at ¶ 17). For the reasons set forth below, these allegations are insufficient to plausibly plead substantial similarity. In fact, careful comparison the images provided by Plaintiff, and careful comparison of Klauber design identified in paragraph 15 of the Complaint and the JY design embodied in the garments identified by Plaintiff in paragraph 14 of the Complaint, compel a finding that, *as a matter of law*, the two designs are not substantially similar. As shown below and in the accompanying Affidavit of Jenny Yoo, a comparison of the images set forth by Plaintiff in paragraph 15 of the Complaint of the allegedly copyrighted Klauber design and the JY design, and a comparison of the image provided by Plaintiff of its allegedly copyrighted design in paragraph 15 of the Complaint with images of the accused lace design alleged by Plaintiff to have been incorporated into the garments identified in paragraph 14 of the Complaint, demonstrates conclusively that there is no substantial similarity, as a matter of law.

First, as shown above, the allegations in the Complaint are confusing because the "Subject Design" shown in Exhibit One of the Complaint differs significantly in at least color

14

and shading from Klauber's design shown in paragraph 15 of the Complaint.  Klauber uses only the latter design to allege substantial similarity, and does not specify whether color and shading are elements of the claimed design.  The confusion created by use of these inconsistent designs is, alone, grounds for dismissal of the Complaint for failure to plausibly plead substantial similarity.

Second, if the Klauber design shown in Exhibit One of the Complaint, rather than the Klauber design shown in paragraph 15 of the Complaint is at issue, Plaintiff clearly has not plausibly pleaded a claim for copyright infringement.  Plaintiff has not alleged, nor could it allege, that the accused infringing designs have the same color scheme and shading as the design shown in Exhibit One of the Complaint.  Indeed, the image provided by Plaintiff in paragraph 15 of the allegedly infringing design shows a light pink lace pattern with no shading in either the scallops, leaves or petals, whereas the Klauber design shown in Exhibit One of the Complaint has dense mesh shading in the scallops, leaves and petals.  These differences are so stark that no reasonable jury could conclude that the Klauber design shown in Exhibit One of the Complaint is substantially similar to the JY design shown in paragraph 15 of the Complaint, or to any of the JY designs identified in paragraph 14 of the Complaint as alleged by Plaintiff to have been incorporated into the garments specifically identified therein.  *See Russell-Newman,* 2013 WL 1245456, at *8 (noting that a common element in fabric cases where courts find infringement is the presence of a similar or identical color scheme); *see, Hamil Am., Inc. v. GFI*, 193 F.3d 92, 102 (2d Cir. 1999) ("[b]oth fabrics use the exact same colors in the same manner"); *Knitwaves, Inc. v. Lollytogs Ltd*., 71 F.3d 996, 1004 (2d Cir, 1994).

Likewise, if the Klauber design shown in paragraph 15 of the Complaint (and not the design shown in Exhibit One of the Complaint) is at issue, no reasonable jury could find

substantial similarity with the accused design identified and shown by Plaintiff in paragraph 15 of the Complaint, and the accused design alleged by Plaintiff to have been incorporated into the garments identified in paragraph 14 of the Complaint.  The Klauber and JY designs both depict the *idea* of decorative scalloped edges matched with circular patterns of flowers with petals and leaves, some larger than others.  It is there that the similarities end.  As was the case in *Folio Impressions* and *Russell-Newman* (a case decided on a motion to dismiss involving a different Klauber design), examination of the "details and nuances" of the two designs should result in a conclusion as a matter of law that they are substantially different from each other.  *See*, *Folio Impressions*, 937 F.2d at 766.  As demonstrated in the accompanying Affidavit of Jenny Yoo, an ordinary observer would find that there are at least the following substantial differences in details, nuances and overall appearance:

1.     As shown in Exhibit 1 to the accompanying Affidavit of Jenny Yoo, there are substantial differences in the width and length of the two designs.  The width from scallop to scallop is substantially different in the JY design and the Klauber design, creating a substantially different appearance.  These differences in width and length also means that the JY design and the Klauber design create different appearances from each other when used as components of dresses and cannot be used as components of the same or similar dress designs.  Width and length, like color, spacing, and floral patterns, are fundamental components of any lace design, and the differences in width and length between the two designs is obvious and would be noticed by even a casual observer.

2.     As shown in Exhibit 2 to the accompany Affidavit of Jenny Yoo, there are many differences between the Klauber design and the JY design in the motif designs

16

bordering on the edge of the scallop, which individually and collectively make the two designs substantially different from each other.  For example, in the JY design, each side of the lace fabric contains the same floral and leaf pattern motif; the motifs on each side of the lace fabric mirror each other.  In sharp contrast, the Klauber design has unique motif designs at each border which do not mirror each other and are different from each other.  On one side of the Klauber design is a motif with a two floral—one leaf pattern.  On the other side is a motif that involves a one floral— two (or more) leafy scrolls pattern.  These, and many other differences between the Klauber design and the JY design shown in Exhibit 2 are substantial, and are especially noticeable when the designs are incorporated into a dress worn on the human body.

3. As shown in Exhibit 3 to the accompanying Affidavit of Jenny Yoo, there are substantial differences between the Klauber design and the JY design in the spacing of motifs.  These differences in the spacing between motifs are obvious and substantial, and render the two designs substantially different from each other in appearance.  For example, in the JY design, the lace flowers are spaced further apart from each other, there is more negative space and the artwork looks more sheer and "open."  In the Klauber design, the lace flowers are spaced more closely together and the artwork looks more condensed, more opaque and more "busy." These spacing differences are obvious and clear to even a casual observer.

4. As shown in Exhibit 4 of the accompanying Affidavit of Jenny Yoo, there are fundamental differences in the direction of the artwork that appears in the Klauber design and the JY design.  In the Klauber design, the motifs are the same and

repeat in the same direction as compared to the border, whereas the JY design contains three different motifs which have different shapes and directions when repeating and compared with teach other

5.    As shown in Exhibit 5 of the accompanying Affidavit of Jenny Yoo, there are substantial differences in the edges of the Klauber design when compared to the JY design, because different machinery was used to prepare the two designs.  The use of different machinery to produce the two designs results in a substantial difference in appearance.

6.    As set forth in the accompanying Affidavit of Jenny Yoo, when worn on humans, the substantial differences between the two designs are even more noticeable.

In sum, based on the foregoing, Defendants respectfully submit that the stark and dramatic differences between the allegedly infringing design and Klauber's design as shown in either Exhibit One of the Complaint or paragraph 15 of the Complaint would be clear and obvious to any ordinary observer.  As a matter of law, the two accused infringing designs in the allegedly infringing garment are substantially different from the Klauber design, and no reasonable jury could conclude otherwise.  Therefore, this Court should dismiss Plaintiff's Complaint with prejudice.

This case is substantially similar to another case involving a Klauber design, in which Judge Gardephe granted a motion to dismiss finding a lack of substantial similarity as a matter of law, a decision that was summarily affirmed by the Second Circuit.  *Russell-Newman, Inc.,* 2013 WL 1245456, at *9, *aff'd sub nom Klauber Bros. v. Bon-Ton Stores, Inc.*, 557 F. App'x 77 (2d Cir. 2014).  As Judge Gardephe wrote:

> The Court recognizes that its obligation is to 'examine the works' total concept and feel,' rather than the individual elements, *Knitwaives*, 71 F.3d at 1003, but there are enough differences in the individual elements here that the "total concept and feel" of these works–and their aesthetic appeal–is different.  While the works share use of a plant sprig design, the similarities are not such that a reasonable jury could find that "an average lay observer [would] recognize [the allegedly infringing design] as having been appropriated from [Klauber's copyrighted designs]."

*Id.* at *8 (quoting *Hamil Am.,* 193 F.3d at 102).

Here, as in *Russell-Newman*,  while the Klauber design and the accused JY design share the idea of a floral pattern design with scalloped borders, there are enough differences in the individual elements, such as spacing and the shape and pattern of the motifs that the total concept and feel of the works, and their aesthetic appeals, is obviously and substantially different.  The similarities are not such that a reasonable jury could find that an average lay observer would recognize the allegedly infringing JY design as having been appropriated from Klauber's allegedly copyrighted design.   Therefore, this Court should dismiss Klauber's infringement claims with prejudice, as a matter of law.

## III.   THE COMPLAINT IS DEFICIENT BECAUSE THE ATTORNEY WHO SIGNED THE COMPLAINT DOES NOT MAINTAIN AN OFFICE IN THE STATE OF NEW YORK AND SUCH ATTORNEY DOES NOT PROVIDE INFORMATION REQUIRED BY RULE 11, FED. R. CIV. P.

New York Judiciary Law § 470 requires nonresident New York lawyers to maintain an "office for the transaction of law business" within the New York. In *Schoenefeld v. Schneiderman*, 821 F.3d 273 (2d Cir. 2016), the Second Circuit upheld the requirement of N.Y. Judiciary Law § 470 that a nonresident member of the state bar could only conduct the business of law in the State of New York if she had a physical office for the transaction of business within the State.  *Id.* at 287.

Rule 11 of the Federal Rules of Civil Procedure require, in pertinent part, that every pleading must be signed by at least one attorney of record and must state the signer's address, e-mail address, and telephone number.  Fed. R. Civ. P. 11(a).  The Rule further provides that the court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.  *Id.*

The Complaint in this case is signed by Emily A. Danchuk, Esq.  While Ms. Danchuk appears to be admitted to the bars of the State of New York and this Court, neither Ms. Danchuk nor her firm appears to maintain an office within New York State.  Rather, she lists her office in Venice, California.  However, while the Doniger firm with which Ms. Danchuk is associated maintains offices in California, it appears that Ms. Danchuk actually maintains her offices in Falmouth, Maine.  Thus, it could be reasonably argued that neither Ms. Danchuk nor the Doniger firm should be permitted to "conduct the business of law in the State of New York" without engaging local counsel with offices within the State of New York. But even more importantly for all practical purposes, she also fails to provide an e-mail address, an accurate mailing address for her office, and an accurate telephone number underneath her signature.

These are not mere formalities.  The Doniger firm has litigated dozens of "copyright troll" cases, primarily in the Central District of California.  For its convenience, it attempted to wrongfully compel defendants JY and Nordstrom to litigate this case in the District in which it maintains offices, even though both plaintiff Klauber and defendant JY maintain their offices in New York, and defendant Nordstrom's place of business is in the State of Washington.  In so doing, Klauber (by its counsel, the Doniger firm), wrongfully asserted personal jurisdiction and venue against defendants JY and Nordstrom in the Central District of California, presumably because it wanted to litigate the case where it has offices and avoid the need to retain local

counsel in New York.  JY and Nordstrom moved to dismiss the California case, and the Doniger firm then stipulated to dismissal of the California action, without prejudice.  Now the Doniger firm attempts to litigate the same claims in this District without complying with the rules applicable to non-resident attorneys who purport to conduct business in State of New York, and without even complying with the requirement that it provide e-mail addresses and phone numbers and accurate addresses for the lawyers who execute the Complaint.[1]   In the circumstances here, where JY and Nordstrom were already required to expend substantial resources to seek dismissal of the imprudently instituted California action, these technical deficiencies take on more significance than usual.

## CONCLUSION

For the foregoing reasons, Defendants Jenny Yoo Collection, Inc. and Nordstrom, Inc. respectfully request that this Court dismiss the Complaint in its entirety, and grant any such other and further relief the Court deems just and proper.

Dated: New York, New York              BARTON LLP
        January 31, 2017


                                       By:_____/s/ Maurice N. Ross_____
                                              Maurice N. Ross

                                       Graybar Building
                                       420 Lexington Avenue, 18th Floor
                                       New York, New York 10170
                                       (212) 687-6262
                                       mross@bartonesq.com

                                       *Attorneys for Defendants Jenny Yoo
                                       Collection, Inc. and Nordstrom, Inc.*

---

[1] Although the title page of the Complaint contains the general California telephone number for the Doniger firm, it does not provide the direct telephone number for Ms. Danchuk at her offices in Maine, where she actually conducts most of her business.

# EXHIBIT 1

# EXHIBIT ONE – SUBJECT DESIGN

TEL: (212) 686-2591          FAX: (212) 481-7194          EXPORT FAX: (212) 532-4755

# KLAUBER BROTHERS, INC.

### R I G I D   A N D   S T R E T C H   L A C E S

### 980 AVENUE OF AMERICAS (2nd FLOOR) NEW YORK, NY 10018



| Pattern | Suffix | Description | Content |
|---------|--------|-------------|---------|
| 678 | NCG/42 | 42/44" RIGID GALLOON | 45C 30N 25ME |

2/25/2016                                                                                  1

# EXHIBIT 2

## Subject Design

